IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Sophie A. Walters, | : | |
|       Plaintiff, | | Civil Action 2:13-cv-237 |
| | : | |
| v. | | Judge Watson |
| | : | |
| Carolyn W. Colvin, Acting | | Magistrate Judge Abel |
| Commissioner of Social Security, | : | |
|       Defendant. | | |
| | : | |

**REPORT AND RECOMMENDATION**

Plaintiff Sophie A. Walters brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying her application for Social Security Disability Insurance Benefits.  This matter is before the Magistrate Judge for a report and recommendation on the parties' cross-motions for summary judgment.

**Summary of Issues.**  Plaintiff maintains that she became disabled on October 24, 2008, at age 58, due to back problems.  (*PageID* 133.)

Plaintiff argues that the decision of the Commissioner denying benefits should be reversed because:

- The administrative law judge erroneously found that Walters had no severe impairment lasting twelve months at step two of the disability determination process;

- Walters should be found disabled pursuant to the Grid Rules.

**Procedural History.**  Plaintiff Walters filed her application for disability insurance benefits on November 30, 2010, alleging that she been disabled since October 24, 2008.  (*PageID* 115-16.)  The application was denied initially and upon

reconsideration. (*PageID* 76, 91-94.) Plaintiff sought a *de novo* hearing before an administrative law judge. (*PageID* 105-06.) On February 15, 2012, an administrative law judge held a hearing at which plaintiff, represented by counsel, appeared and testified. (*PageID* 49-69.) A vocational expert also testified. (*PageID* 70-74.) On March 8, 2012, the administrative law judge issued a decision finding that there are no medical signs or laboratory findings to substantiate the existence of any medically determinable impairment and that Walters was not disabled within the meaning of the Act. (*PageID* 32–41.) On February 8, 2013, the Appeals Council denied plaintiff's request for review and adopted the administrative law judge's decision as the final decision of the Commissioner of Social Security. (*PageID* 26-30.)

**Age, Education, and Work Experience.** Plaintiff Walters was born on February 6, 1950 and was 58 years old on the alleged disability onset date. (*PageID* 115, 129.) She has a high school education. (*PageID* 134.) She has past relevant work experience of thirty-nine years as a embroidery sewer and carpet cutter helper at a car mat factory. (*PageID* 50, 54-55, 134-35.)

**Plaintiff's Testimony.** Walters testified at the administrative hearing that she was 5'6" and weighs 160 pounds. (*PageID* 49.) She worked at her employer for 39 years. (*PageID* 50.) She would normally lift between 25-35 pounds when she ran the embroidery machine. (*PageID* 51-52.) When she worked as a carpet cutter she lifted anywhere between 70-150 pounds with another employee. (*PageID* 53.) The factory shut down in October 2008 and she received unemployment benefits. (*PageID* 54.) She

injured her back in February 2008, went back to work in July 2008 "only because I got a letter saying that they were going to terminate me if I did not come back." (*PageID* 55.) She returned with restriction but testified that "I did nothing from July until the plant closed in down in October." *Id.*

Walters alleges disability due to her back injury. (*PageID* 55-56.) She noted that there is "always an ache" but her back get aggravated by the weather, vacuuming, bending down, or cleaning out cupboards. (*PageID* 56-57.)

**Vocational Expert's Testimony.** In addition to Walters, a vocational expert, Carl Hartung, testified at the administrative hearing. (*PageID* 70-75.) He described Walters' past work as a embroidery machine operator, which he classified at the light semi-skilled level and cutting machine operator, which he classified at the medium, unskilled level. (*PageID* 70.) The vocational expert acknowledged that Walters couldn't perform any past relevant work if she could lift 11 to 20 pounds but not sit, stand or walk eight hours. (*PageID* 72.)

When cross-examined by Walters' counsel, the vocational expert testified that if Walters was limited to lifting no greater than 15 pounds, is able to stoop, bend, crouch only as able and walk, stand sit as able, it would rule out her past relevant work. (*PageID* 73.) The vocational expert believed that if Walters was limited to sedentary work, it would prohibit performance of all her past relevant work. *Id.*

When discussing transferability of skills, the vocational expert testified that there is no transferability from Walters' previous work because the operation of the machine

job title hasn't been updated in 30 years. Given the increase in automated productively standards, it would be easier to learn, so based on Walter's testimony, she would be able to learn a machine within two weeks, not the usual four or five weeks the old machines would require. (*PageID* 74.)

**Medical Evidence of Record.** The relevant medical evidence of record is summarized as follows:

Initial injury.

On February 18, 2008, Walters was hit in the back by a door closing, this knocked her off balance and she slipped on ice, and fell in a seated position onto her tailbone causing pain in her lower back radiating into her right leg below the knee. (*PageID* 266.) A CT scan of Walters' lumbar spine revealed no fracture or subluxation; mild multilevel degenerative changes with mild disc bulges at L4-L5 and L5-S1; and atherosclerotic vascular disease. (*PageID* 267.) An MRI of the lumbar spine taken on March 6, 2008, showed mild concentric annulus bulging at L3-L4 and L4-L5. No focal disc protrusion or central canal stenosis. (*PageID* 245-46.) The record shows that Walters attended physical therapy in 2008. (*PageID* 226, 268-71.)

Walters underwent a Functional Capacity Evaluation with a physical therapist on October 13, 2008. (*PageID* 250-54.) The therapist noted that Walters completed all activities without the need of a break. She reported no increase in pain and reported she had "very little" pain in her low back, and she rated it as zero to two on a scale of

one to ten. The physical therapist opined Walters had no limitations for non-material handling activities, i.e no lifting 20 or more pounds. (*PageID* 250.)

### Coshocton Occupational Medicine.

Walters treated at Coshocton Occupational Medicine for treatment related to her Bureau of Workers' Compensation claim from February to October 2008. (*PageID* 172-226.) On July 7, 2008, Walters reported that she believed she was 80% improved since her injury. She was now able to walk a block and walking and laying without discomfort. Standing causes pain. (*PageID* 199.)

On October 6, 2008, examination showed a pulling pain on palpation radiating to the right transversely and positive straight leg raise on the right. (*PageID* 194.)

On October 20, 2008, Walters denied pain to palpation of her lumbosacral spine. On examination, reflexes were 1/4 bilaterally in knees and ankles; straight leg raise produced no pain up to 75 degrees bilaterally; no pain to dorsiflexion bilateral; she had full motor strength in her bilateral lower extremities and was able to heel-toe walk. Nicholas Varrati, M.D., the medical director, assessed Walters' functional capacity as sedentary to light with lifting capacity of 25 pounds from the floor, 50 pounds from knuckle height, and 50 pounds for carrying. Dr. Varrati diagnosed Walters with a sprain lumbar region. (*PageID* 193.)

### Robin G. Stanko, M.D.

Dr. Stanko examined Walters for the Bureau of Workers' Compensation on

May 13, 2008.  (*PageID* 229-31.)  Dr. Stanko found Walters had full strength for toe extension, foot dorsiflexion, knee extension, knee flexion and hip flexion bilaterally; no reflex response in her knees, hamstrings and ankles; sensation to light touch was intact in the lower extremities bilaterally; balance was normal, gait was independent, and she could stand on heels and toes;  sit-to-stand transfers were independent; she had limited range of motion in hips and back; no clinical scoliosis was noted; there was no tenderness reported with palpation of the hip abductor muscles, gluteal muscles or over the sacroiliac joints bilaterally and tenderness was reported to palpation on the right lumbosacral paraspinals.  (*PageID* 230.)  Dr. Stanko opined that Walters was capable of sedentary work activity at that time.  (*PageID* 231.)  Dr. Stanko also opined that Walters would reach "maximum improvement in four weeks."  *Id.*  She concluded that Walters "has potential for recovery and to be able to return to her previous work activity."  *Id.*

    John Cook, D.O.

Walters underwent a permanent partial impairment evaluation with a Bureau of Workers' Compensation medical examiner, Dr. Cook on June 17, 2010.  (*PageID* 227-28.)  Walters was evaluated under the allowed medical condition was of "Sprain Lumbar Region."  She reported that she does not take any medications for her injury.  (*PageID* 227.)  Walters symptoms at the time of this evaluation included "occasional back pain, with limitations on standing, bending, walking and lifting."  *Id.*  On examination, Dr. Cook found no tenderness, muscle guarding, or spasm of the lumbar spine.  Toe and heel walking and station and gait were normal.  Walters demonstrated full range of

motion.  All other neurological signs were substantially unremarkable.  Dr. Cook concluded that Walters has 0% whole person impairment.  (*PageID* 228.)

### N.N. Ashbaugh D.C.

Walters underwent a second permanent partial impairment evaluation with chiropractor, Dr. Ashbaugh on July 26, 2010.  (*PageID* 259-60.)  Dr. Ashbaugh found tightness in Walters' lumbar spine, more prominent on the right than left; pain on palpation; and a positive straight leg raise test on the right.  Dr. Ashbaugh opined that Walters sustained a 13% permanent partial impairment due to her February 2008 injury.  (*PageID* 260.)

### Robert Thompson, M.D.

On January 7, 2011, neurologist, Dr. Thompson examined Walters on behalf of the state agency.  (*PageID* 232- 37.)  Walters reported chronic, aching discomfort in her low back. She said that she can care for herself and that she cleans the house, cooks, shops and does laundry. She had some difficulty with those activities. She was unable to vacuum, do yard work, or play ball with her grandsons. Her husband drove her to the examination.

On examination, Dr. Thompson found no sign of radiculopathy, no motor weakness, muscle atrophy, or muscle fasciculation; grasp strength was normal, she had normal deep tendon reflexes; and range of motion of all joints was full.  Range of motion in the lumbar spine was excellent. She was able to rise independently from laying on her back to a sitting position. The examination was essentially normal.

(*PageID* 234-37.)  Dr. Thompson's impression was lumbar degenerative disk disease. Dr. Thompson said that plaintiff reported that she was unable to do repetitive lifting or bending.  Based on his objective findings on examination, there was no impairment to her sitting, standing, walking, occasional lifting, or use of upper extremities.  (*PageID* 233.)

<u>W. Jerry McCloud, M.D.</u>

On January 29, 2011, state agency physician, Dr. McCloud reviewed Walters' medical records and determined that she did not have a severe impairment.  Dr. McCloud noted that Walters' "most recent exams from the PM, CE and BWC show normal [range of motion] and strength throughout.  Gait is normal and neuro[logic] exam[ination] is also normal."  (*PageID* 81.) Walters' record was reviewed again on April 25, 2001 by state agency physician, Dr. Leigh Thomas, who also concluded that Walters did not have a severe medical impairment.  (*PageID* 87.)

<u>Denise Miller, D.O.</u>

The record contains two treatment notes from family practice physician, Dr. Miller dated May 2010 and June 2011.  (*PageID* 272-79.)  Dr. Miller treated Walters for her thyroid condition.  (*PageID* 272-73.)  In May 2010, Walters reported to Dr. Miller that she felt good and had no problems or concerns.  (*PageID* 273.)

On December 21, 2011, Dr. Miller completed a physical capacities evaluation on Walters' behalf.  Dr. Miller opined that Walters could stand for fifteen minutes at a time for a total of one hour, walk thirty minutes at a time for a total of two hours, and sit four

hours in an eight-hour workday.  Dr. Miller further opined that Walters could lift rarely 11-20 pounds, occasionally bend and climb steps, but could not squat, crawl, or climb ladders.  (*PageID* 294-95.)

**Administrative Law Judge's Findings.**  The administrative law judge found that:

1. The claimant meets the insured status requirements of the Social Security Act through at least December 31, 2013.

2. The claimant has not engaged in any substantial gainful activity since October 24, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. There are no medical signs or laboratory findings to substantiate the existence of any medically determinable impairment or combination of impairments (20 CFR 404.1520(c)).

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from October 24, 2008, through the date of this decision (20 CFR 404.1520(c)).

(*PageID* 37-39.)

**Standard of Review**.  Under the provisions of 42 U.S.C. §405(g), "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ."  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(quoting *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)).  It is "more than a mere scintilla."  *Id.  LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976).  The Commissioner's findings of fact must be based upon the record as a whole. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *Houston v. Secretary*, 736 F.2d 365, 366

(6th Cir. 1984); *Fraley v. Secretary*, 733 F.2d 437, 439-440 (6th Cir. 1984). In determining whether the Commissioner's decision is supported by substantial evidence, the Court must "take into account whatever in the record fairly detracts from its weight." *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)(quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1950)); *Wages v. Secretary of Health and Human Services*, 755 F.2d 495, 497 (6th Cir. 1985).

**Plaintiff's Arguments.**

Plaintiff makes two arguments. First, plaintiff contends that the administrative law judge erroneously found that Walters had no severe impairment lasting twelve months at step two of the disability determination process. Plaintiff contends that evidence of record did show that her back impairment was a medically determinable impairment, that it had limiting effects which had lasted from early 2008 to the time of the hearing in 2012, and that this condition was a "severe" impairment lasting longer than 12 months. Plaintiff also contends that the administrative law judge's finding that Walters' impairments were not severe and had not lasted a year was contrary to the evidence of record and in violation of the standard imposed by law for determining whether or not there was a severe impairment. (Doc. 7 at *PageID* 301-05.)

Second, plaintiff argues that Walters should be found disabled pursuant to the Grid rules. Grid rule 201.00 dictates that an individual of advanced age (55 or older) with a high school education and only unskilled work experience limited to sedentary work is to be found disabled. 20 C.F.R. Subpt. P, App'x 2, §201.00(d). Grid rule 202.00

10

requires an individual of advanced age with a high school education and only unskilled work experience limited to light work to be found disabled.  According to Plaintiff, there is no evidence of record that supports anything greater than a light residual functional capacity which precluded Walters' past work and required that she be found disabled. (Doc. 7 at *PageID* 305-07.)

### Analysis.

A.    Statement of Disability Law

To be found disabled, a claimant must prove:

> an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § 423(d)(1)(A).  *See also* 42 U.S.C. § 1382c (a)(3)(A); 20 C.F.R. § 404.1505(a).

An administrative law judge follows a five-step sequential evaluation process when evaluating claims of disability.  20 C.F.R. § 404.1520.  Step one includes an analysis of whether the claimant is engaging in or has engaged in substantial gainful activity.  If there is no substantial gainful activity, the evaluation progresses to step two. At step two, if the claimant does not have a "severe" medically determinable impairment or combination of impairments significantly limiting her from performing basic work activities, the claim is denied.  If it is determined that the claimant has a severe impairment, step three requires that the claimant's impairment(s) be compared to those in the Listing of Impairments at 20 C.F.R., Pt. 404, Subpt. P, App. 1.  If the

impairment meets or equals in severity a listed impairment, disability is conclusively presumed. If not, the claimant's residual functional capacity is assessed. At step four, it is determined whether, considering the claimant's residual functional capacity , the claimant can return to his or her past relevant work. If the claimant cannot perform past relevant work, the administrative law judge proceeds to step five. Through the first four steps of this evaluation process, the claimant bears the burden of proving his alleged disability. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). Only at the fifth step does the burden of production shift to the Commissioner. *Id.* At the fifth step, the Commissioner has the burden of producing evidence that a significant number of jobs exist in the national economy that the claimant , considering her age, education, work experience, and residual functional capacity, remains able to perform. *See Brown v. Yuckert*, 482 U.S. 137, 142 (1987); *Abbott v. Sullivan*, 905 F.2d 918, 926 (6th Cir. 1990). If such evidence is produced and not rebutted, the claimant cannot be found disabled.

As noted above, at step one, the administrative law judge found that Walters had not engaged in substantial gainful activity since her alleged onset date. (*PageID* 37.) At the second step, the administrative law judge found that Walters did not have a severe impairment. *Id.*

    B.    <u>The administrative law judge properly evaluated whether Walters' medically determinable impairment was severe.</u>

An impairment is not considered severe when it "does not significantly limit [one's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a).

Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs," and include: (1) physical functions; (2) the capacity to see, hear and speak; (3) "[u]nderstanding, carrying out, and remembering simple instructions"; (4) "[u]se of judgment"; (5) "[r]esponding appropriately to supervision, co-workers, and usual work situations"; and (6) "[d]ealing with change in a routine work setting." 20 C.F.R. § 404.1521(a)–(b).  Step two "has been described as 'a de minimis hurdle'; that is, 'an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 n. 2 (6th Cir.2007) (quoting *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir.1988)).  "The goal of the test is to 'screen out totally groundless claims.'" *Anthony v. Astrue*, 266 Fed.Appx. 451, 457 (6th Cir.2008) (quoting *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 89 (6th Cir.1985)).

The administrative law judge explained that he did not find Walters' degenerative disc disease of her lumbar spine to be severe because

> The objective clinical findings of the claimant's lumbar degenerative disc disease are considered mild, and showed no more than some early evidence of mild disc bulging.  I conclude that there is insufficient evidence that the claimant's back impairment lasted one year or more in severity.  To the contrary, the evidence shows little or no treatment for her low back beyond eight months from the date of the accident, or at any time after the alleged onset date.

(*PageID* 39.)

Plaintiff argues that the evidence of record demonstrated that her back impairment lasted beyond October of 2008, contrary to the administrative law judge's

13

assertion. (Doc. 7 at *PageID* 302.)  She contends that based on the opinions of treating physician, Dr. Miller and examining physicians, Dr. Stanko, Dr. Ashbaugh and Dr. Thompson, she could at most perform light exertional work, which would meet the requirements for a severe impairment.

In considering Dr. Thompson's opinion, the administrative law judge reviewed the record and medical evidence before him and concluded that Dr. Thompson's opinion was inherently inconsistent.  (*PageID* 40.)  Dr. Thompson examination findings were essentially normal, yet based on Walters' subjective complaints, noted, that Walters "reports that she was unable to do repetitive lifting or bending." (*PageID* 233.) The administrative law judge doubted the credibility of those complaints.  (*PageID* 39.) *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007) (holding that doctors' opinions are not due much weight when based solely on reports made by a patient that the administrative law judge found to be incredible).  Contrary to Walters' contention, substantial evidence supports the administrative law judge's determination that Dr. Thompson's diagnosis is not supported by objective findings.

The administrative law judge did not give controlling weight to treating physician, Dr. Miller's opinion, finding that "it in no way indicates that was claimant's residual functional capacity back to October 2008." (*PageID* 40.)  The administrative law judge assigned Dr. Miller's opinion "little weight," noting that Dr. Miller stated that she did not treat Walters for her back pain at any time, and that her opinion was based on a recent examination, without reference to any objective medical records, dating from the

relevant period of alleged disability. *Id.* Generally, "the opinions of treating physicians are entitled to controlling weight." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 540 (6th Cir. 2007), citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-30 (6th Cir. 1997). However, '[i]t is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record.'" *Blakley v. Comm'r. of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009); quoting, Soc. Sec. Rul. 96-2p.

The administrative law judge also did not give "much weight" to the opinions of the Bureau of Workers' Compensation examiners noting their reports date back to the year of the Walters' injury, and the later examinations are after the fact and concerned only with permanent and partial disability percentage for the Industrial Commission. (*PageID* 40.)

The administrative law judge gave "great weight" to the assessment of Dr. McCloud, the state agency reviewing physician, noting that he reviewed "all of the relevant objective medical evidence." *Id.* The opinions of nonexamining state agency medical sources have some value and can, under some circumstances, be given significant weight. This occurs because the Commissioner views such medical sources "as highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the [Social Security] Act." Social Security Ruling 96-6p.

15

Plaintiff argues that the administrative law judge's decision runs afoul of a recent opinion issued by the Sixth Circuit in *Gayheart v. Comm'r of Soc. Sec.*, 791 F.3d 365, 379 (6th Cir. 2013).  (*See* Doc. #7 at *PageID* 303.)  In *Gayheart*, the Court held in relevant part that in evaluating medical source evidence and opinions, the administrative law judge commits reversible error by subjecting the opinions of the claimant's treating physicians to closer scrutiny than the opinions of the state agency physicians.  In that case, the Court observed, the administrative law judge rejected the opinions of the Plaintiff's treating physicians for alleged internal inconsistencies and for being inconsistent with the record as a whole while at the same time accepting the opinions of the state agency physicians that suffered from the same flaws.  *Gayheart*, 710 F.3d. at 375-76.

The Magistrate Judge concludes, however, that *Gayheart* does not apply in this case because the record does not support plaintiff's argument that the administrative law judge scrutinized the opinions of Walters' treating physician more closely than the opinions of the state agency consultants or applied double standards in his evaluation of the medical evidence.  (*PageID* 39-40.)

From a review of the record as a whole, I conclude that there is substantial evidence supporting the administrative law judge's findings at each step of the sequential evaluation, including his ultimate decision that Walters was not disabled under the Act.  At step two of the sequential evaluation, the administrative law judge properly determined the record does not support a finding that Walters' degenerative disc disease of her lumbar spine constitute medically determinable impairment.

Findings on clinical examination have been essentially normal, plaintiff successfully completed physical therapy, she has not sought medical treatment for her back since 2008, she does not take pain medication, and she told an examining doctor that she is able to perform a reasonably full range of household duties.  Accordingly, it is **RECOMMENDED** that the decision of the Commissioner of Social Security be **AFFIRMED**.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. r. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

s/Mark R. Abel  
United States Magistrate Judge
